EXHIBIT E

E-FILED
12/5/2019 3:47 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV359721
Reviewed By: Yuet Lai

RONALD R. ROSSI (SBN 43067)
GABRIEL A. RODRIGUEZ (SBN 292911)
ROSSI, HAMERSLOUGH, REISCHL & CHUCK
1960 The Alameda, Suite 200
San Jose, CA 95126-1493
Tel: (408) 261-4252
Fax: (408) 261-4292
ron@rhrc.net
gabe@rhrc.net

Attorneys for Plaintiffs Cain Velasquez and Michelle Velasquez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| CAIN VELASQUEZ AND MICHELLE VELASQUEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>JESS CASTILLO, an individual, UNEDUS CONCRETE INC., a California Corporation, d/b/a CASTILLO CONSTRUCTION, and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: 19CV359721<br><br>**COMPLAINT FOR**<br>1. **BREACH OF CONTRACT;**<br>2. **NEGLIGENT CONSTRUCTION;**<br>3. **INTENTIONAL MISREPRESENTATION;**<br>4. **NEGLIGENT MISREPRESENTATION;**<br>5. **FRAUDULENT INDUCEMENT OF CONTRACT FOR HOME IMPROVEMENTS; AND**<br>6. **BREACH OF IMPLIED COVENANT TO PERFORM WORK IN GOOD AND COMPETENT MANNER; AND**<br><br>**DEMAND FOR JURY TRIAL.** |

Plaintiffs Cain Velasquez and Michelle Velasquez (hereinafter "Plaintiffs") allege as follows:

**PRELIMINARY ALLEGATIONS**

1. Plaintiffs are residents of Santa Clara County, California and the owner of that certain real property and improvements located in the City of Gilroy, County of Santa Clara in the State of California and described as 10744 Green Valley Drive ("Subject Property").

2. Defendant Jess Castillo does, and at all times relevant to this action, has represented himself as a licensed general contractor, doing business in Santa Clara County. Defendant Unedus Concrete Inc. is the corporate owner of the fictitious business Castillo

COMPLAINT AND DEMAND FOR JURY TRIAL                                                             1

Construction. Defendant Jess Castillo is the Chief Executive Officer, Director, and Agent for Unedus Concrete Inc. Defendant Castillo presents himself as the President of Castillo Construction. In his business dealings with Plaintiffs, Defendant Castillo routinely used email addresses related to or otherwise referencing Castillo Construction and Unedus Concrete Inc. interchangeably. The address for Defendant Jess Castillo, Unedus Concrete Inc., and Castillo Construction is 2215 Liberata Drive, Morgan Hill, California 95037. As such, venue is proper.

3. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names pursuant to the Code of Civil Procedure §474. Plaintiffs will pray leave of Court to amend this Complaint to allege their true names and capacities when the same have been ascertained.

4. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' injuries and damages were proximately caused thereby. As used herein, the word "Defendants" shall mean the named Defendants as set forth above and Defendants DOES 1 through 10. ("Defendants").

5. At all times mentioned herein, Defendants were the agents, servants, employees, or alter egos of their co-Defendants and were joint venturers with, or co-partners with, or sureties for their co-Defendants and were at all times mentioned herein acting within the course and scope of said agency, employment, and/or other relationship.

6. Plaintiff Cain Velasquez is a well-known and well-regarded retired heavyweight UFC fighter fighting out of Gilroy, California. Cain and his wife, Michelle, having purchased their dream home, aspired to build a backyard suited to their lifestyle; family friendly, luxurious, and a place for their large family and network of friends to enjoy with them. The Velasquezes are a fighting family, but, like most lay persons, they knew little about the construction process. Unfortunately, Plaintiffs were ignorant of all the various ways in which an unscrupulous contractor can take advantage of the unwary. In order to induce Plaintiffs into contract, Defendant Castillo presented himself to Plaintiffs as a licensed general contractor and

COMPLAINT AND DEMAND FOR JURY TRIAL                                    2

an expert in the construction field and in luxury landscaping. This was false. Defendant Castillo took Plaintiffs on a tour of his home and winery, showing Plaintiff's his luxury landscaping and representing to Plaintiffs that they could expect the same quality of work for their project. This too was false. Defendant Castillo, although a purported expert in construction and luxury landscaping, never mentioned that permits would be required for the arbors and gas line. This was a shameful and glaring omission.

7. On or about February 27, 2015, Plaintiffs and Defendant Castillo on behalf of Castillo Construction entered into a written contract ("Construction Contract") in which Defendant agreed to provide all labor and materials and to construct a luxury backyard renovation consisting of new circular wood arbors, a bocce ball court, pool decking, travertine paving, a chessboard retaining wall, Barbeque Island, decomposed granite pathways, a fireplace, and an outdoor shower, among other items, in the rear yard of the Subject Property. Plaintiffs agreed to pay Defendant in the sum of $321,690 for the project. A copy of the Construction Contract, together with the pertinent specifications and scaled rendering provided by Landscaping Engineer Karen Aiken, who was referred to Plaintiffs by Defendant Castillo, is attached to and incorporated into this complaint as **Exhibit "A."**

### FIRST CAUSE OF ACTION
(Breach of Contract Against All Defendants)

8. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 7 as though set forth in full herein.

9. In accordance with the Construction Contract, Defendant Castillo began work on or around March 1, 2015. Defendant never completed the project.

10. Defendant has at all times failed, refused, and neglected to perform according to the terms of the Construction Contract and according to the specifications provided, in that Defendant failed to acquire the necessary permits for the arbors and gas line, leading to the arbors being red tagged by the County of Santa Clara and for the gas line failing to meet code. Defendant's negligent and careless work also resulted in the following non-exhaustive list of

COMPLAINT AND DEMAND FOR JURY TRIAL                                          3

defects:
   a. Arbors were built with unsuitable wood for the outdoor structure and need to be replaced entirely to conform to code;
   b. Fireplace makes a whistling sound caused by too narrow propane line and needs additional glass to bring it to the proper height;
   c. Gas line is not buried under the surface to code;
   d. Sink in the BBQ platform was not bolted, the faucet was installed backwards, and the sink leaked under the island;
   e. BBQ counter and bar were poorly constructed and need to be reconstructed;
   f. Cracks were mediately present in concrete which Defendant Castillo promised to but never repaired;
   g. Outdoor shower was never installed;
   h. Stained tiles were used on BBQ platform and need to be replaced;
   i. Defendant broke welded side fence for ease of access and never repaired it;
   j. Stucco not applied in the appropriate manner;
   k. Drove 8-inch metal stakes through conduit buried only 6 feet underground;
   l. Installed cracked water bowl, or cracked it after installation and failed to properly secure the bowl to the column;
   m. Stain color on bocce court does not match;
   n. Casing on bocce court pillars are not flushed to ground;
   o. Tile adjacent to pool is sinking;
   p. Travertine tiling was installed incorrectly leading to peat mass and unwanted weed growing and necessitating full re-installation;
   q. Dangerous debris left around the Plaintiffs' yard which was never removed including, but not limited to, unused materials, dirt, pallets of old stone, and ladders;
   r. Prematurely removed pathway from front to back yard and grass.

11. On or about November 16, 2017, Plaintiffs demanded in writing that Defendants

COMPLAINT AND DEMAND FOR JURY TRIAL            4

Ross, Hanavorough Reisch & Chuck 1960 The Alameda Suite 200 San Jose, CA 95126-1493 (408) 261-4252 Fax (408) 261-4292

complete the outstanding items and remedy the abovementioned defects, but Defendants failed and refused, and continue to fail and refuse, to perform this work.

12. Since this time Plaintiffs have repeatedly demanded in writing and orally that Defendant complete the outstanding items and remedy the aforementioned defects, but Defendant continues to vacillate, obfuscate, and, ultimately, outright refuses to perform the necessary work.

13. On November 16, 2017, unable to convince Defendants to take responsibility, finish the project according to the Construction Contract, and/or make the necessary repairs, Plaintiffs filed a complaint with the Contractors State Licensing Board, a copy of which is hereto attached as **Exhibit "B"**. Defendants at first promised to make the necessary repairs and work with Plaintiffs to find a solution but ultimately vacillated, obfuscated, and otherwise delayed, failing to complete the project or make the necessary repairs.

14. Plaintiffs have performed all conditions, covenants, and promises under the contract to be performed on their part and have paid Defendants in full in the amount of $321,690.

15. By reason of Defendants' breach of the contract, Plaintiffs have been damaged in an amount to be proven at trial, including but not limited to, the amount reasonably expended to pay another contractor to correct Defendants' work and complete Defendants' unfinished work, and to secure the necessary permitting to the arbor and gas line and removal of the red tags from the arbors.

WHEREFORE, Plaintiffs pray for relief against Defendants, and each of them, as more fully set forth below.

### SECOND CAUSE OF ACTION
(Negligent Construction Against All Defendants)

16. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 15 as though set forth in full herein.

17. In California, a contractor has a nondelegable duty to exercise all due diligence to perform all of the work which has been contracted for, to supervise all work performed by

COMPLAINT AND DEMAND FOR JURY TRIAL                                            5

1 his employees, subcontractors, and/or agents, and to do so in a timely and workmanlike
2 manner. A contractor is subject to a professional standard of care, meaning that of a reasonable
3 tradesman in the contractor's position. *See e.g. Miller v. Los Angeles County Flood Control*
4 *Dist.*, (1973) 8 Cal.3d 689. Moreover, Business and Professions Code section 7159, *i.e.* the
5 Contractor's License Law, requires that *every* home improvement contractor and *any person*
6 *subject to licensesure* under the chapter must include specific language in the homebuilding
7 contract including, but not limited to, the approximate start date of the work, the contractor's
8 insurance information, what constitutes substantial commencement of work under the contract,
9 the approximate completion date, and a schedule of progress payments if payments are to be
10 made before the project is completed. *See* Business and Professions Code § 7159 *(emphasis*
11 *added)*.

12     18. During and as part of his performance of the Construction Contract, Defendant
13 Castillo negligently and carelessly performed the work called for under the Construction
14 Contract and failed to exercise the standard of care of reasonable tradesmen conducting the
15 same type of work. Defendant Castillo negligently failed to complete the project in full.
16 Defendant Castillo also negligently and carelessly failed to procure the necessary permits for
17 the arbors and gas line. In so doing, Defendant Castillo again failed to exercise the standard of
18 care of reasonable tradesmen conducting the same type of work. Additionally, Defendant
19 Castillo provided Plaintiffs with a Construction Contract that contained none of the
20 abovementioned terms required under Business and Professions Code § 7159.

21     19. Starting in or around November 2017 and continuing up until this time,
22 Plaintiffs have repeatedly demanded that Defendants complete the project and make the
23 necessary repairs. Over this time Defendants have vacillated, obfuscated, and otherwise
24 delayed, repeatedly promising to correct the defects and make the necessary repairs but
25 ultimately failing to do so.

26     20. As a proximate result of Defendants' negligence, Plaintiffs have incurred and
27 continue to incur expenses to repair Defendants' negligent work in an amount to be proven at
28 trial. As a further proximate result of Defendants' negligence, Plaintiffs' arbors have been red

COMPLAINT AND DEMAND FOR JURY TRIAL.     6

...

tagged by the County and they have been unable to move forward with their project, causing them to incur and to continue to incur expenses to remedy Defendants' negligent and careless failure to procure the necessary permits. Plaintiffs have suffered damages including, but not limited to, the cost of repairing and replacing the defective materials and workmanship, costs for investigating and testing of such defective materials and workmanship, diminution of fair market value of the Subject Property, partial loss of use of the Subject Property, and legal and professional costs, as well as other incidental and consequential damages

WHEREFORE, Plaintiffs pray for relief against Defendants, and each of them, as more fully set forth below.

### THIRD CAUSE OF ACTION
### (Intentional Misrepresentation Against All Defendants)

21. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 20 as though set forth in full herein.

22. Defendant Castillo represented to Plaintiffs that he was a licensed general contractor and an expert in construction and with luxury landscaping projects such as Plaintiffs'. Defendant Castillo went so far as to bring Plaintiffs to his home and winery to show off his luxury landscaping, representing that it was the quality of work Plaintiffs could expect if they contracted with Defendant Castillo and Castillo Construction.

23. Defendant Castillo's representations were false. Defendant Castillo was not a licensed general contractor, rather, the contractor's license for #513265 as presented to Plaintiffs in the Construction Contract is held by Defendant Unedus Concrete Inc. d/b/a Castillo Construction and is classified as a "C-8 Concrete" license, not a general contractor's license, which requires a Class B license. In misrepresenting himself to Plaintiffs as a licensed general contractor and acting as Plaintiffs' general contractor, Defendant Castillo was acting outside of the scope of the licensed specialty.

24. Defendant Castillo knew that the representations were false when he made them. Defendant Castillo knew that he was not an expert in construction or luxury landscaping. Defendant also knew that he was not a licensed general contractor but rather that the license

COMPLAINT AND DEMAND FOR JURY TRIAL                                                       7

was held by Unedus Concrete Inc. d/b/a Castillo Construction and that it was a C-8 Concrete classification, not a Class B general contractor license.

25. Defendant Castillo intended that Plaintiffs rely on the representation in order to induce Plaintiffs into doing business with him.

26. Plaintiffs, inexperienced with construction and unwary of unscrupulous contractors such as Defendant Castillo, reasonably relied on Defendant's representations that he was a licensed general contractor and an expert in the construction field and building of luxury landscaping, particularly after being taken on a tour of Defendant Castillo's property and shown his landscaping. In reasonable reliance, Plaintiffs entered into the construction contract with Defendants and paid $321,690 for what was ultimately substandard, negligent, careless, and incomplete work.

27. As a proximate result of Defendants' intentional misrepresentations, the Plaintiffs have been damaged in an amount according to proof at trial.

28. In committing the aforementioned wrongful acts, Defendants acted willfully, fraudulently, maliciously, and oppressively with conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to recover exemplary damages in an amount sufficient to deter similar conduct in the future by Defendants.

29. In accordance with Business and Professions Code section 7031 Plaintiffs also seek disgorgement of Defendants' profits for having performed work outside of the specific contractor's license, C-8 Concrete, granted to Defendant Unedus Concrete Inc. d/b/a Castillo Construction, as if Defendants had no license at all. *See Roy Brothers Drilling Co. v. Jones*, (1981) 123 Cal. App 3d 175.

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as more fully set forth below.

### FOURTH CAUSE OF ACTION
(Negligent Misrepresentation Against All Defendants)

30. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 29 as

COMPLAINT AND DEMAND FOR JURY TRIAL    8

though set forth in full herein.

31. When Defendant Castillo made these representations as to his license and experience he had no reasonable ground for believing that the representations were true, and made the representations with the intent to induce Plaintiffs to take the actions herein alleged, and with the intent to induce Plaintiffs to enter into contract with Defendants.

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as more fully set forth below.

## FIFTH CAUSE OF ACTION
### (Fraudulent Inducement of Contract for Home Improvements Against All Defendants)

32. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 31 as though set forth in full herein.

33. On or around February 27, 2015 during the course of the solicitation and negotiation of the Construction Contract, Defendant Castillo falsely and fraudulently, and with the intent to deceive and defraud plaintiff, represented that he was a licensed general contractor and an expert in construction and the building of luxury landscaping.

34. The representations made by Defendant Castillo were false, and Defendant knew they were false or had no reasonable ground to believe the representations were true.

35. The truth is that Defendant Castillo was not a licensed general contractor, rather, the license held by Defendant Unedus Concrete Inc. d/b/a Castillo Construction was for a C-8 concrete classification, not a Class B general contractor license. Defendant Castillo, as further evidenced by his negligent and careless work, was not an expert in general construction and the building of luxury landscaping.

36. As a proximate result of Defendants' intentional misrepresentations, the Plaintiffs have been damaged in an amount according to proof at trial.

37. In accordance with the provisions of Section 7160 of the Business and Professions Code of the State of California, Plaintiffs seek penalty damages in the amount of $500.00, as provided for by such section.

38. In accordance with the provisions of Section 7160 of the Business and

COMPLAINT AND DEMAND FOR JURY TRIAL    9

Professions Code of the State of California, Plaintiffs further seek to recover reasonable attorneys' fees from Defendants.

### SIXTH CAUSE OF ACTION
**(Breach of Implied Covenant to Perform Work in Good and Competent Manner Against All Defendants)**

39. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 38 as though set forth in full herein.

40. Defendants failed, refused, and neglected to perform their work under the terms of, and according to, the Construction Contract and the specifications provided, in that Defendant Castillo failed to acquire the necessary permits for the arbors and gas line, leading to the arbors being red tagged by the County as well as failing to fully complete their work in substantial conformity with the plans and specifications.

41. Plaintiffs were harmed by Defendants' failure in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as more fully set forth below.

### PRAYER

WHEREFORE, Plaintiffs pray as follows:

1. For general damages in an amount in excess of the jurisdiction of this court plus interest at the legal rate;

2. For special damages in an amount according to proof;

3. For punitive and exemplary damages in an amount according to proof;

4. For disgorgement of profits as provided by Section 7031 of the Business and Professions Code of the State of California;

5. For a penalty of $500.00 as provided by Section 7160 of the Business and Professions Code of the State of California;

6. For attorney's fees and costs incurred herein;

COMPLAINT AND DEMAND FOR JURY TRIAL    10

7. For a jury trial on all issues triable by a jury in the above-entitled action, and

8. For such other and further relief as the court may deem just and proper.

Dated: December 5, 2019                ROSSI, HAMERSLOUGH, REISCHL & CHUCK

BY: _____
RONALD R. ROSSI, ESQ
GABRIEL A. RODRIGUEZ, ESQ
Attorneys for Plaintiffs Cain Velasquez and
Michelle Velasquez

S:\CL\R\R1821\PLEADINGS\Draft Complaint For Negligent Construction.Docx

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

COMPLAINT AND DEMAND FOR JURY TRIAL                                    11

# EXHIBIT "A"



Planting Plan

The Velasquez Residence
10744 Green Valley Drive Gilroy, CA.

AITKEN & ASSOCIATES
Landscape Architects

L-2

